IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME MAPLES                  :

   v.                          :    Civil Action No. DKC 10-210
                                                      Criminal No. DKC 08-247
                                       :

UNITED STATES OF AMERICA       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this habeas corpus action is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 31). The relevant issues have been briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I.   Background**

On October 20, 2008, Petitioner Jerome Maples appeared in this court and pled guilty to the charge of conspiracy to distribute and possess with intent to distribute cocaine. The presentence report ("the PSR") calculated an offense level of 25 and a criminal history category V. The criminal history category resulted from three prior convictions: a 1999 conviction for possession of cocaine in the Superior Court for the District of Columbia (1 point); a conviction for theft over $300 in the Circuit Court for Montgomery County, Maryland (3

points)[1]; and a 2000 conviction for possession of cocaine base in the United States District Court for the District of Columbia (3 points).  Petitioner received 2 additional points because he was on supervised release at the time of this offense and 1 final point because he had been released less than two years before.  The total of 10 points resulted in a criminal history category V.  At sentencing on February 2, 2009, the court departed to a criminal history category IV and sentenced Petitioner to 84 months' imprisonment.  Petitioner did not appeal.

On January 27, 2010, Petitioner filed a motion under 28 U.S.C. § 2255, seeking a resentencing based on a reduced criminal history category.  (ECF No. 31).  Petitioner asserts that his June 25, 2003 state conviction for theft over $300 should not be treated as a felony because, on October 1, 2002, the Maryland legislature changed the statute to require $500 before the offense is a felony.  Inasmuch as his offense involved only $337, he asserts that it should no longer be considered a felony for purposes of calculating his criminal history category.  Petitioner also appears to assert that the

---

[1] The charge arose from an arrest on December 29, 1999, at a K-Mart store.  Although the PSR recites that Petitioner was found guilty on August 7, 2000, the state court docket reflects that he did not appear in court to plead guilty until June 25, 2003.  He was sentenced the same day to three years' incarceration commencing June 17, 2003, concurrent to the federal sentence he was already serving.

2

underlying state court conviction should be vacated because his guilty plea was not knowing and voluntary given that he was unaware of the change to the statute.  The government filed its opposition to Petitioner's motion on February 28, 2011 (ECF No. 36), and Petitioner did not reply.

In addition to filing his § 2255 petition in this court, Petitioner has also sought certain relief from the Circuit Court for Montgomery County in connection with his felony theft conviction.  On January 29, 2010, Petitioner filed a *pro se* motion for a writ of error *coram nobis* in the Circuit Court. That motion is still pending.

**II.  Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner to prove, by a preponderance of the evidence, that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  A *pro se* movant is, of course, entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978).  But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255(b).

## III. Analysis

Petitioner does not contend that any of the grounds for relief set forth in § 2255 applies here. Rather, he appears to advance two arguments in favor of resentencing: (1) his prior state court conviction for theft should not have been considered a "felony" in calculating his criminal history category; and (2) his state conviction should not have counted at all because his guilty plea for that offense was not knowing and voluntary. Even if Petitioner had properly preserved these arguments, neither is availing.[2]

First, whether the state court theft conviction is deemed a "felony" or a "misdemeanor" is not relevant to calculating Petitioner's criminal history category. For sentencing guidelines purposes, the critical fact is the length of the sentence imposed rather than the label applied to the predicate

---

[2] The ordinary rule is that "an error can be attacked on collateral review only if first challenged on direct review." *United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999); *see also United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) ("[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotation marks omitted). Thus, for a § 2255 petitioner to raise an argument he did not raise on appeal, he must meet a stringent cause-and-prejudice standard or show that a miscarriage of justice would occur absent collateral review. *United States v. Pettiford*, 612 F.3d 270, 279 n. 7 (4th Cir. 2010). Here, Petitioner did not challenge the use of his theft conviction in the calculation of his criminal history category at his original sentencing or on direct appeal, nor has he made any showing of cause or a miscarriage of justice.

offense by state law.  *See* U.S.S.G. § 4A1.1-2; *United States v. Harrison*, Cr. No. 03-430, 2006 WL 1371186, at *4 (E.D.Pa. May 17, 2006) ("An offense can be labeled a 'misdemeanor' by the state statute, but still warrant a three-point enhancement to the criminal history total under the Guidelines because the maximum sentence exceeds one year and one month.").  Here, the state court sentenced Petitioner to three years' imprisonment after he pled guilty to theft, resulting in three criminal history points under the federal sentencing guidelines.

Second, even if Petitioner had sought to invalidate his state court theft conviction at sentencing or on direct appeal, such a challenge would have been futile.  A defendant in a federal sentencing proceeding has no right to challenge collaterally a prior state court conviction used to enhance his sentence, except where the defendant can demonstrate that the prior state conviction was obtained in the absence of appointed counsel.  *See Custis v. United States*, 511 U.S. 485, 496 (1994); *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) ("[A] federal sentencing proceeding is not ordinarily an appropriate forum in which to challenge the validity of a prior state conviction.").  Because Petitioner does not allege that he was denied counsel in the state court proceeding, there is no basis for this court to consider the merits of a collateral challenge to his theft conviction.

5

If Petitioner ultimately succeeds in vacating his conviction *via* the *coram nobis* proceedings in Circuit Court, he may be able to return to this court to reopen sentencing proceedings. Pursuant to 28 U.S.C. § 2255(f), a federal prisoner must file a motion to vacate, set aside, or correct his sentence within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In *Johnson v. United States*, the Supreme Court confirmed that the vacatur of a state court conviction upon which a federal sentence is based constitutes a matter of "fact" for purposes of § 2255(f)(4). *Cf. Custis,* 511 U.S. at 497 (explaining that a federal defendant who successfully challenges a state conviction may "apply for reopening of any federal sentence enhanced by the state sentence[]"). The *Johnson* Court further held that a

petitioner's receipt of the vacatur order is the event that triggers the one-year statute of limitations period set forth in § 2255(f)(4), provided that the petitioner acted with due diligence in seeking vacatur. *Johnson*, 544 U.S. at 307.[3]

Thus, depending on the results of his *coram nobis* proceedings, Petitioner either is ineligible for relief or moved for resentencing prematurely. In any event, Petitioner's § 2255 motion must be denied at present.

## IV. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of

---

[3] The obligation to act with due diligence begins on the date of judgment in the petitioner's federal case. *Johnson*, 544 U.S. at 309 (explaining that, as between the date of indictment, the date of judgment, and the date of finality after direct appeal, using the date of judgment as the trigger for the due diligence obligation represents the best balance between serving finality and minimizing collateral litigation). Applying these standards, the *Johnson* Court held that the petitioner – who had waited more than three years after judgment to attack the predicate state conviction and offered "no explanation for this delay" – did not act with due diligence and therefore was precluded from relying on § 2255(f)(4). *Id*. at 311. There is no need, at present, to decide whether Petitioner displayed diligence in seeking vacatur of his state court theft conviction in the Circuit Court.

appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted). Petitioner does not satisfy the above standard, and a certificate of appealability will not issue.

A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge